```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


                                  )
In re:                            )
                                  )
NICKELS MIDWAY PIER, LLC          )    HONORABLE JOSEPH E. IRENAS
                                  )          CIVIL ACTION
              Debtor.             )       NO. 07-1990 (JEI)
                                  )
                                  )    BANKRUPTCY NO. 03-49462(GMB)
NICKELS MIDWAY PIER, LLC          )
                                  )             OPINION
Appellant / Cross-appellee,       )
                                  )
     v.                           )
                                  )
WILD WAVES, LLC                   )
                                  )
Appellee / Cross-appellant.       )
                                  )
```

**Appearances:**

TEICH GROH
By: Brian W. Hofmeister, Esq.
691 State Highway 33
Trenton, New Jersey 08619
    Counsel for Nickels Midway Pier, LLC

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
By: Fredric R. Cohen, Esq.
Fairway Corporate Center
4300 Haddonfield Road
Pennsauken, New Jersey 08109
    Counsel for Nickels Midway Pier, LLC

COZEN O'CONNOR
By: Arthur J. Abramowitz, Esq.
Jerrold N. Poslusny, Jr., Esq.
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, New Jersey 08002
    Counsel for Wild Waves, LLC


                                 1

```
FORD, FLOWER & HASBROUCK
By: Willis F. Flower, Esq.
Central Square
New Road & Central Avenue, Suite 42A
P.O. Box 405
Linwood, New Jersey 08221
     Counsel for Wild Waves, LLC
```

**IRENAS**, Senior District Judge:

This matter comes before the Court on the Motion for Reconsideration by Debtor Nickels Midway Pier, LLC ("Nickels"). Nickels asks this Court to reconsider the issues decided in Nickels' appeal from the Bankruptcy Court's order of March 6, 2007.  On March 17, 2008, this Court affirmed.  For the reasons stated herein, the Motion for Reconsideration will be denied.

**I.**

The background facts of this case have been recited in previous opinions of this Court,[1] and various opinions of the Bankruptcy Court.  The relevant facts involved in this particular dispute were recounted in this Court's opinion at *In re: Nickels Midway Pier, LLC (Nickels Midway Pier v. Wild Waves, LLC)*, 383 B.R. 595, 597-98 (D.N.J. 2008).

---

[1] *See Nickels Midway Pier, LLC v. Wild Waves, LLC,* 341 B.R. 486 (D.N.J. 2006), *aff'd* 2007 WL 4171114 (3d Cir. 2007);  *Nickels Midway Pier, LLC v. Wild Waves, LLC,* 372 B.R. 218 (D.N.J. 2007).

2

**II.**

A motion for reconsideration may only be granted on the ground that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) that vacating the Order is necessary to correct a clear error of law or manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

**III.**

For various reasons, Nickels asserts that this Court, and the Bankruptcy Court, erred in calculating the rent abatement and property tax abatement due it under the Lease with Wild Waves. The Bankruptcy Court, after taking extensive testimony regarding the circumstances and negotiations surrounding the Lease, held the parties intended that after the destruction of the Dungeon and Castle, Wild Waves would pay rent and property tax on the Pier pro rata according to lost Castle revenues (hereafter "pro rata abatement"), and not based on square footage of occupation (hereafter "square footage abatement"). This Court held that the Bankruptcy Court's factual findings with respect to the parties' intent was not clearly erroneous and supported by facts in the record.

Advancing a handful of arguments in the present Motion for Reconsideration, Nickels specifically asks this Court to reject

the pro rata abatement and the attendant computation of property taxes due under the Lease.  However, none of Nickels' arguments are based on the assertion that this Court made a clear error of law, which is the relevant inquiry on this Motion for Reconsideration.  To the contrary, as Nickels' brief headings make blatantly obvious, it asks the Court to "*reconsider* its rejection of a square foot analysis to compute the rent abatement," and "*revisit* the computation of the abated property tax payments."  (Nickels' Reply Br. at p. 2, 4)(emphasis added) "A motion for reconsideration [is not] properly grounded on a request that a court rethink a decision already made."  *Hunterson v. DiSabato*, 137 F. Supp. 2d 529, 549 (D.N.J. 1999).

More fundamentally, Nickels ignores the procedural posture in which these issues were originally presented to this Court. It was never for this Court to decide the proper way to calculate rent abatements or property tax abatements under the Lease.  More specifically, it was never this Court's task to choose between pro rata abatement and square footage abatement.  Rather, the issue before this Court was whether the Bankruptcy Court's determination of the parties' intent was supported by the evidence presented at the hearing.  This Court has concluded that it was, and quite tellingly, Nickels does not argue that it was not.

**IV.**

For the reasons set forth above, Nickels' Motion for Reconsideration will be denied.  The Court will enter an appropriate order.


Dated: June 5, 2008

                                   s/ Joseph E. Irenas
                                  JOSEPH E. IRENAS, S.U.S.D.J.